Dear Representative Morrell:
You have requested an opinion from this office regarding the legality of a current levee board member being appointed to the state Racing Commission. This situation is addressed by LSA-R.S.42:61, et seq., the Louisiana Dual Officeholding Laws. The pertinent section sets forth certain prohibitions and states:
 E. No person holding a full-time appointive office or full-time employment in the government of the state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
The requirements for determining full-time or part-time employment status are set forth in LSA-R.S. 42:62. They establish the following:
 (4) "Full time means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
It is assumed that a member of a levee board holds a part-time appointive position, that is less than seven hours per day of work and less than thirty-five hours per week. The job of Racing Commissioner is also a part time position. This being the case at hand, there is no prohibition under LSA-R.S. 42:63 that would prevent a levee board member from also being a Racing Commissioner, because both offices are part-time.
When no prohibition is listed under the dual officeholding laws, it is assumed in LSA-R.S. 42:64 that the offices are allowed to be held simultaneously. LSA-R.S. 42:64
covers this situation, requiring that:
 C. No other combination of offices or employment shall be deemed to be incompatible unless the powers, functions, or duties are found to be adverse to the public interest as set forth in Section 61 of this Part.
The public interest sought to be protected is violated when, "a public official of employee holds two or more public offices or public jobs which by their particular nature conflict with the duties and interests of each other." LSA-R.S. 42:61A. There does not appear to be any such conflict when a levee board member is appointed to the Racing Commission. It is therefore the opinion of this office that the levee board member in question be allowed to be appointed to the Racing Commission under the Dual Officeholding Law. Should you have any other questions concerning this matter, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams